■ We can find no ambiguity in the contract at issue in the case at bar. The plain language of the contract indicates that the deadline for satisfying conditions precedent is August 20, 1982, and that if any such conditions remain unsatisfied on that date either party may thereafter terminate the contract. The contract invests defendant with a unilateral right to extend that deadline, and such right may be exercised only by making interest payments to plaintiffs. The only reasonable construction of this language indicates that if the conditions precedent are not satisfied by August 20, 1982, the contract nevertheless remains valid until terminated by either party; the contract is not, however, enforceable against either party after August 20, 1982, unless defendant has exercised its right to extend the deadline for satisfying conditions precedent.

The undisputed evidence before the trial court established that the necessary zoning permits were not obtained by August 20, 1982, and that defendant never made the interest payments necessary to extend the deadline for satisfying conditions to the contract. The contract ultimately terminated on December 29, 1982, when defendant exercised its right of termination. Applying these undisputed facts to the unambiguous terms of the contract, the trial court properly found as a matter of law that defendant was not liable to plaintiffs for any interest payments. Accordingly, we find no error in the trial court's order granting summary judgment. Plaintiffs' first point is denied.

■ In their second point on appeal, plaintiffs argue that application of the doctrine of equitable estoppel creates a genuine issue of material fact, thereby precluding summary judgment. Plaintiffs contend that certain statements and actions by defendant should estop defendant from disclaiming liability to plaintiffs on the asserted ground that it did not extend the terms of the contract. Plaintiffs' argument fails because they seek to apply the doctrine of equitable estoppel in an unlawful manner.

In *Shaffer v. Hines*, 573 S.W.2d 420 (Mo. App.1978), this court explained:

Estoppel in pais [equitable estoppel] is that condition that in justice precludes one from speaking the truth in his own behalf. This doctrine is often referred to as a shield against fraud. It is not, however, available for use as a sword. It cannot be used to create a cause of action, if the action did not otherwise exist. Its purpose is not to bring about a gain but to protect from loss.

573 S.W.2d at 422. *See also Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 400 (Mo.App.1984). *But cf. Highland Inns Corp. v. American Landmark Corp.*, 650 S.W.2d 667, 670 n. 2 (Mo.App.1983). Plaintiffs in this case seek to invoke the doctrine of equitable estoppel not as a shield against fraud, but as a means of creating rights under the contract that would not otherwise exist. As discussed above, a plain and fair reading of the contract indicates that plaintiffs have no cause of action against defendant for breach of contract. Equitable estoppel cannot be used to create such a cause of action. Accordingly, this point is denied.

The judgment is affirmed.

KAROHL, P.J., and SIMON, J., concur.

**G.G., Appellant,**

v.

**D.G., Respondent.**

**No. 50678.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 1986.

David B. Lacks, Kris R. Baumgartner, Clayton, for appellant.

Terry L. Jones, Clayton, for respondent.

### ORDER

PER CURIAM.

Father appeals from the child custody provision of a dissolution decree. We affirm. No jurisprudential purpose would be served by an extended opinion. The parties have been furnished with a memorandum for their information only setting forth the reasons for our order affirming the judgment in accordance with Rule 84.16(b).

**TERRY FISHER BUICK PONTIAC, INC., Respondent,**

v.

**Nancy Lynn VESSELL, Appellant.**

No. 50854.

Missouri Court of Appeals, Eastern District, Division Four.

May 6, 1986.

James C. Ochs, Clayton, for appellant.

James E. Carmichael, St. Charles, for respondent.

### ORDER

PER CURIAM.

Defendant, Nancy Lynn Vessell, appeals from the trial court's grant of summary judgment in favor of plaintiff, Terry Fisher Buick Pontiac, Inc., on a suit to recover an amount owed pursuant to a written contract for the rental of a car. The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

**Raymond FEEMSTER, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

No. 49387.

Missouri Court of Appeals, Eastern District, Division Four.

May 13, 1986.

Henry Robertson, St. Louis, for movant/appellant.